The opinion of the Court was delivered by
DUNKIN, C. J.
In the case of The State vs. Wise and Johnson, 7 Rich. 412, it was authoritatively settled, that where two or more persons are jointly charged in the same indictment with a capital offence, they have not a right by law to be tried separately. Such separate trial is a matter to be allowed or refused in the sound discretion of the Court. And this case is fully sustained by United States vs. Marchant, 12 Wheat. 400, where the subject is discussed and the authorities analyzed by Mr. Justice Story, delivering the judgment of the Supreme Court. Nor is this discretion necessarily controlled by the fact that the wife of one of the parties accused is proposed as a witness for another party. The offence charged was a joint act. If it had been proposed to set up a distinct ground of defence on the part of the defendant — such, for instance, as to establish an “ alibi” — the authorities are not concurrent as to the competency of the wife of the other *321 defendant to testify. See Roscoe Crim. Ev. 149; 1 Phil. Ev. 160. But no such ground of defence was suggested, nor is it easy to conceive that, upon the case made, the wife of Jourdain could have given any testimony which would not necessarily have had an influence in establishing the guilt or innocence of her husband.
Eor the reasons stated in the report of the presiding Judge, the testimony of the prosecutor, Dr. E. W. Bates, was properly received.
Upon the fourth and last ground, alleging a defect of evidence to warrant the conviction, the Court has only to remark that the defendant was tried by a jury of his neighbors, probably well acquainted with the localities, and best qualified to estimate the weight of credit to be attached to the evidence of the witnesses, as well as the value of the defendant’s general character, which he thought proper to put in issue. After a reperusal of the testimony, the Court is constrained to say that they perceive no error in the conclusions of the jury, sustained, as they evidently are, by the concurrence of the Judge who presided at the trial.
The several grounds are overruled, and the motion for a new trial is dismissed.
Wabdlaw and Inglis, J. J., concurred.

Motion dismissed.